

# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Utah State Office
440 West 200 South, Suite 500
Salt Lake City, UT 84101-1345
http://www.blm.gov/utah

In Reply Refer To:
3100 (UT-922)
UTU93466, et. al.

JUN 2 1 2019

CERTIFIED MAIL – RERURN RECEIPT REQUESTED
91 7199 9991 7037 5226 8970

## DECISION

| | |
|---|---|
| NAH Utah, LLC | Oil and Gas Leases |
| 222 S. Main Street, Floor 5 | UTU93466, et. al. |
| Salt Lake City, Utah 84101-2174 | |

### Suspension of Operations and Production

On March 19, 2019, the U.S. District Court for the District of Columbia issued a decision in *WildEarth Guardians, et al. vs. Zinke*, No. 1:16-cv-01724-RC (*WEG v. Zinke*), holding, among other things, that the offering and sale of certain oil and gas leases on Bureau of Land Management (BLM)-managed public lands in Wyoming did not comply with the National Environmental Policy Act (NEPA). Specifically, the court found that the NEPA documents the BLM relied on in offering and selling the leases did not adequately assess potential impacts involving greenhouse gas (GHG) emissions and climate change. As a result, the court enjoined BLM from issuing any Applications for Permit to Drill for the leases at issue until it supplemented those NEPA documents with impacts analyses sufficiently addressing GHG emissions and climate change.

In IBLA 2019-0039, a pending appeal before the Interior Board of Land Appeals, the appellants contend that the BLM violated NEPA in offering and selling certain leases, including the leases in the list attached, at the September 2018 competitive lease sale. As in the *WEG v. Zinke* lawsuit, the appellants argue that the NEPA documents the BLM relied on to offer and lease the parcels did not adequately analyze potential impacts involving GHG emissions and climate change. Based on the parallels between the current appeal and *WEG v. Zinke*, and the BLM's review of the NEPA documents underlying the September 2018 competitive lease sale, the BLM has concluded that it is necessary to suspend the referenced leases until the completion of appropriate review under NEPA. At such time, the BLM will issue a new decision concerning this suspension of operations and production (SOP) of the referenced leases.

This SOP is effective July 1, 2019. No lease operations may transpire on the leases, the terms of the leases are tolled, and lease rentals are suspended while this SOP is in place.

## Appeal Rights

This decision may be appealed to the Interior Board of Land Appeals, Office of the Secretary, in accordance with the regulations contained in 43 C.F.R. Part 4 and the enclosed Form 1842-1. If an appeal is taken, the notice of appeal must be filed in this office (at the address shown on the enclosed Form) within 30 days from receipt of this decision. The appellant has the burden of showing that the decision appealed from is in error.

If you wish to file a petition for a stay pursuant to 43 C.F.R. Part 4, Subpart B §4.21, during the time that your appeal is being reviewed by the Board, the petition for a stay must accompany your notice of appeal. A petition for a stay must show sufficient justification based on the standards listed below. If you request a stay, you have the burden of proof to demonstrate that a stay should be granted.

## Standards for Obtaining a Stay

Except as otherwise provided by law or other pertinent regulations, a petition for a stay of a decision pending appeal shall be evaluated based on the following standards:

1. The relative harm to the parties if the stay is granted or denied,
2. The likelihood of the appellant's success on the merits,
3. The likelihood of immediate and irreparable harm if the stay is not granted, and
4. Whether the public interest favors granting the stay.

Copies of the notice of appeal, petition for stay, and statement of reasons also must be submitted to each party named in this decision and to the Office of the Solicitor, Intermountain Region, 125 South State Street, Suite 6201, Salt Lake City, Utah 84138, at the same time the original documents are filed in this office. Parties who purchased parcels subject to any appeal from this decision must be served with a copy of any notice of appeal, petition for stay, and statement of reasons.

If you have any questions, please contact Robin Naeve, Fluid Mineral Branch Chief, at (801) 539-4254 or rnaeve@blm.gov.

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

Enclosures

cc:

James Karkut, Office of the Regional Solicitor, U.S. Department of the Interior, 125 S. State Street, Suite 6201, Salt Lake City, Utah 84138

Jessica Bowlen, Office of Natural Resources Revenue, MS 63230B, P.O. Box 25165, Denver, Colorado 80225-0165

BLM District Managers – Green River and Color Country
BLM Field Managers – Price and Richfield

## List of Leases

| | | | |
|---|---|---|---|
| UTU93466 | UTU93474 | UTU93480 | UTU93486 |
| UTU93468 | UTU93475 | UTU93481 | UTU93487 |
| UTU93469 | UTU93476 | UTU93482 | UTU93500 |
| UTU93470 | UTU93477 | UTU93483 | UTU93501 |
| UTU93471 | UTU93478 | UTU93484 | UTU93503 |
| UTU93473 | UTU93479 | UTU93485 | UTU93504 |