JOHN W. HUBER, United States Attorney (#7226)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIVING RIVERS and SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiffs,<br>v.<br><br>KENT HOFFMAN, in his official capacity as Deputy State Director, Division of Lands and Minerals, UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | **DECLARATION OF KENT HOFFMAN**<br><br>Case No. 4:19-CV-00057-DN-PK<br><br>Honorable David Nuffer<br>Magistrate Judge Paul Kohler |

I, KENT HOFFMAN, make the following declaration pursuant to the authority of 28 U.S.C. § 1746. I understand that this declaration will be filed in the Federal District Court for the District of Utah, and that the declaration is the legal equivalent of a statement under oath. Therefore, under penalty of perjury, I declare the following:

1. I am the Deputy State Director, Division of Lands and Minerals, for the Bureau of Land Management ("BLM"), Utah State Office. As part of my duties as Deputy State Director, I approve the issuance, suspension, lifting of the suspension, modification, voiding, and cancellation

1

of oil and gas leases sold pursuant to the Mineral Leasing Act of 1920, 30 U.S.C. §§ 181-287, as amended. *See* 43 C.F.R. § 3103.4-4 (2005).

2. The present action challenges the suspension of 82 leases, which BLM issued following its March 2018, September 2018, and December 2018[1] Competitive Oil and Gas Lease Sales.

3. On March 19, 2019, the United States District Court for the District of Columbia decided *WildEarth Guardians v. Zinke*, 368 F.Supp. 3d 41 (D.D.C. 2019) (*WEG v. Zinke*). Based on a review of *WEG v. Zinke*, I determined that the 82 leases at issue in this action were similarly situated and it was necessary to suspend the 82 leases and prepare further environmental analysis under the National Environmental Policy Act (NEPA). Consequently, under my supervision, the BLM issued suspension decisions effective July 1, 2019 for the sixty leases that it issued after the September 2018 Lease Sale and effective August 1, 2019 for the eight leases that it issued after the March 2018 Lease Sale and the fourteen leases that it issued after the December 2018 Lease Sale.

4. Once the BLM finishes its further environmental analysis, as it committed to doing in the suspension decisions, the BLM will issue new decisions on the suspended leases. With respect to such decisions, the BLM will take one of the following actions: (1) lift the lease suspension; (2) modify lease terms and lift the suspension; or (3) void the lease. Each new decision will be subject to administrative and/or judicial review.

---

[1] I understand that the Complaint in this proceeding only challenges lease suspensions from BLM's March and September 2018 lease sales. However, I also understand that Plaintiffs filed a motion for leave to file an amended complaint to challenge additional lease suspensions from BLM's December 2018 lease sale. I therefore include the December 2018 lease sale suspensions because they may become relevant to this action should the Court grant Plaintiffs' motion for leave to file an amended complaint. Plaintiffs' Complaint challenges suspensions of eight leases from BLM's March 2018 lease sale and sixty leases from BLM's September 2018 lease sale. Plaintiffs' Proposed Amended Complaint also challenges suspensions of fourteen leases from BLM's December 2018 lease sale.

I declare the foregoing under penalty of perjury.

DATED this __3rd__ day of October, 2019.

*/s/ Kent Hoffman*

KENT HOFFMAN
DEPUTY STATE DIRECTOR
BUREAU OF LAND MANAGEMENT
UTAH STATE OFFICE