Stephen H.M. Bloch (UT #7813)
Landon Newell (UT #14738)
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, UT 84111
(801) 486-3161
steve@suwa.org
landon@suwa.org

Attorneys for Plaintiffs
Living Rivers and Southern Utah Wilderness Alliance

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION

| | |
|---|---|
| LIVING RIVERS; SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>KENT HOFFMAN, in his official capacity as Deputy State Director, Division of Lands and Minerals; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT<br><br>Defendants. | **PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND MEMORANDUM IN SUPPORT**<br><br>Case No. 4:19-cv-00057-DN<br><br>District Judge David Nuffer |

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Plaintiffs Living Rivers and Southern Utah Wilderness Alliance (collectively "SUWA") respectfully move for relief from the Court's Memorandum Decision and Order ("Memorandum Decision," attached as "Exhibit A") issued on June 21, 2021.

In support, SUWA submits the following memorandum of law.

## INTRODUCTION

SUWA filed this action to challenge the Bureau of Land Management's ("BLM") decision to suspend eighty-two oil and gas leases sold in Utah in 2018.[1] SUWA asserted that the lease suspensions were arbitrary and capricious in violation of the Administrative Procedure Act ("APA") because BLM did not comply with National Environmental Policy Act ("NEPA") prior to issuing the suspensions.[2] In its complaint, SUWA requested the Court 1) declare that BLM violated NEPA and acted arbitrarily and capriciously, 2) declare the lease suspension decisions unlawful and vacate the decisions, and 3) enjoin BLM from suspending the eighty-two leases until the agency complied with NEPA.[3]

BLM filed a motion to dismiss arguing that SUWA lacked standing because SUWA had not suffered a redressable injury in fact and because the lease suspensions are not major federal actions requiring NEPA compliance.[4] SUWA opposed BLM's motion,[5] BLM filed a reply in support of its motion,[6] and SUWA later requested oral argument.[7] On June 21, 2021, the Court granted BLM's motion to dismiss on the grounds that issuing the lease suspensions did not amount to a major federal action.[8] However, on February 1, 2021, while BLM's motion was pending, BLM "lifted" the lease suspensions on the leases at issue in this case. At no point did BLM notify the Court of the change in the leases' status. Consequently, the Memorandum Decision does not take into account BLM's decision to lift the lease suspensions.

---

[1] Memorandum Decision at 1-2 (ECF No. 22).
[2] *Id*. at 3.
[3] Amended Complaint at 23 (ECF No. 12-1).
[4] Memorandum Decision at 1, 4.
[5] Plaintiffs' Opposition to Motion to Dismiss (ECF No. 17).
[6] Defendants' Reply to Plaintiffs' Opposition to Motion to Dismiss (ECF No. 18).
[7] Plaintiff's Request for Oral Argument (ECF No. 19).
[8] Memorandum Decision at 9-10.

In light of this information and pursuant to Federal Rule of Civil Procedure 60(b)(4), SUWA respectfully requests that the Court vacate the Memorandum Decision. SUWA's cause of action and requested relief were contingent on the continued existence of the lease suspensions. Thus, BLM's decision to lift the suspensions affected the circumstances of this case to the extent that it mooted SUWA's claims before the Court issued the Memorandum Decision. As a result, the Court no longer had jurisdiction to assess the merits of the case, including whether the decision to suspend the leases amounted to a major federal action under NEPA. For this reason, the Memorandum Decision is necessarily void and must be vacated.

## ARGUMENT

### The Memorandum Decision is void and should be vacated pursuant to Fed. R. Civ. P. 60(b)(4) because the case is moot.

A motion for relief from judgment allows a party to seek substantive corrections or alterations in a final judgment or order but is only applicable in six discrete circumstances, one of which is when a void judgment has been issued.[9] A void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."[10] A Rule 60(b)(4) motion is not a substitute for a timely appeal but is limited to instances where the judgment is premised on either a jurisdictional error or violation of due process.[11] That is, courts have generally "reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."[12] Thus, a judgment may be

---

[9] Fed. R. Civ. P. 60(b)(4).
[10] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).
[11] *Id*. at 270-71.
[12] *Id*. at 271; *see also* Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000) ("There must be no arguable basis on which the court could have rested a finding that it had jurisdiction") (internal quotations and citations omitted).

void for lack of subject matter jurisdiction.[13] Because a court is "powerless" to enter a void judgment, the court *must* grant relief and vacate the judgment upon determining that it was void.[14]

## I. The case is moot because the Court lost subject matter jurisdiction on February 1, 2021, when BLM lifted the suspensions for the leases at issue.

Federal courts only have subject matter jurisdiction over "cases or controversies."[15] The "case-or-controversy" requirement subsists through all stages of litigation and "parties must continue to have a personal stake in the ultimate disposition of the lawsuit.[16] A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[17] Put differently, "an action becomes moot if an intervening circumstance deprives the plaintiff of a personal stake."[18] But a case is only moot "when it is impossible for a court to grant any *effectual relief* whatever to the prevailing party."[19]

Mootness must be assessed for "each form of relief sought,"[20] and "the mootness of the plaintiff's claim for *injunctive relief* is not necessarily dispositive regarding the mootness of [their] claim for *declaratory judgment*."[21] "Generally, a claim for prospective injunction becomes moot once the event to be enjoined has come and gone."[22] Similarly, an action for a

---

[13] *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979).
[14] *Id.* at 244 n.8; *Johnson v. Spencer*, 950 F.3d 680, 694-95 (10th Cir. 2020).
[15] *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).
[16] *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); internal quotation marks omitted).
[17] *Chafin*, 568 U.S. at 172 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (some internal quotation marks omitted)).
[18] *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 957 (10th Cir. 2021).
[19] *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 308 (2012) (internal quotation marks omitted) (emphasis added).
[20] *Hendrickson*, 992 F.3d at 958.
[21] *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (emphasis in the original).
[22] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 907 (10th Cir. 2014).

declaratory judgment is moot when it "fails to seek more than a retrospective opinion that the plaintiff was wrongly harmed by the defendant,"[23] because there is no longer a need to settle a dispute "which affects the behavior of the defendant toward the plaintiff."[24] A request for declaratory relief is also moot when it involves past conduct that is unlikely to recur.[25]

Here, BLM's decision to lift the lease suspensions before the Memorandum Decision was issued eliminated any "live controversy" because SUWA's sole cause of action focused on the fact that the suspensions were implemented without NEPA analysis. SUWA's claim and requests for relief were also necessarily contingent on the lease suspensions remaining in place. Therefore, lifting the suspensions constituted an "intervening circumstance that deprive[d] [SUWA] of a personal stake" in the litigation.[26]

Furthermore, BLM's actions made it impossible for the Court to be able to grant SUWA any effective relief. BLM initially suspended the leases at issue to comply with the a court order in a separate case, *WildEarth Guardians v. Zinke*, which held that BLM had failed to adequately consider greenhouse gas emissions in its NEPA analysis for leases sold in Wyoming.[27] BLM then conducted additional climate analysis for leases at issue in this case, and released a Supplemental Environmental Assessment ("Supplemental EA") and Finding of No Significant Impact ("FONSI"), thereby concluding the NEPA review BLM deemed necessary by *WildEarth*

---

[23] *Hendrickson*, 992 F.3d at 958 (quoting *Jordan*, 654 F.3d at 1025 (internal quotation marks omitted)).
[24] *Hendrickson*, 992 F.3d at 958; *see also* GF Gaming Corp. v. City of Black Hawk, Colo., 405 F.3d 876, 882 (10th Cir. 2005) (holding that a claim for declaratory relief is moot when "a declaratory judgment would no longer have any effect on the defendants' behavior").
[25] Utah Animal Rts. Coal. v. Salt Lake City Corp., 371 F.3d 1248, 1256 (10th Cir. 2004).
[26] *See Hendrickson*, 992 F.3d at 957.
[27] WildEarth Guardians v. Zinke, 368 F. Supp. 3d 41 (D.D.C. 2019); *see also* Memorandum Decision at 2-3.

*Guardians*.[28] As a result, the lease suspensions were lifted.[29] In essence, since BLM has finished assessing the environmental impacts of the eighty-two leases at issue and made the decision to lift the suspensions, it is highly unlikely that these same leases will be re-suspended in the future. Hence, as of February 1, 2021, there was no longer any reason to enjoin BLM from issuing the lease suspensions. In other words, the lease suspensions – the event to be enjoined – had already "come and gone."[30]

SUWA also requested two forms of declaratory relief: 1) a declaration that BLM violated NEPA and acted arbitrarily and capriciously and 2) a declaration that the lease suspension decisions were unlawful.[31] However, BLM's decision to lift the suspensions rendered these declarations ineffective and obviated the need to settle a dispute affecting BLM's behavior toward SUWA.[32] Any declaration in SUWA's favor would simply have been an advisory opinion that SUWA was harmed by BLM's decision and would not have had any tangible effect on BLM.[33] Additionally, there is no indication that the leases at issue will be re-suspended in the future. Therefore, granting SUWA's request for declaratory relief after the suspensions were lifted would have "involve[d] past conduct that is unlikely to recur."[34]

---

[28] Supplemental EA available at:
https://eplanning.blm.gov/public_projects/2002778/200390662/20032939/250039138/2021-01-14-DOI-BLM-UT-0000-2021-0001-EA%20GHG%20Supplemental%20EA_Final.pdf
FONSI available at:
https://eplanning.blm.gov/public_projects/2002778/200390662/20032938/250039137/2021-01-14-GHG_EA-FONSI_signed.pdf
[29] *See* Memorandum Decision at 3 (explaining that the lease suspension decisions would stay in place until NEPA review was completed, after which time BLM would decide to "(1) lift the lease suspension; (2) modify the lease terms and lift the suspension; or (3) void the lease.") (quoting Declaration of Kent Hoffman (ECF No. 16-4)).
[30] *See Citizen Ctr.,* 770 F.3d at 907.
[31] *See* Amended Complaint at 23.
[32] SUWA's request to enjoin the BLM from issuing lease suspensions necessarily required the Court to first order BLM to lift the existing suspensions.
[33] *See Hendrickson*, 992 F.3d at 958.
[34] *See Utah Animal Rts. Coal.*, 371 F.3d at 1256.

In sum, lifting the lease suspensions mooted this case on February 1, 2021 because 1) there ceased to be a live controversy, 2) BLM's actions were intervening circumstances that eliminated SUWA's stake in the litigation, and 3) the Court was no longer in a position to determine whether to grant SUWA any requested relief. Consequently, the Court lacked "even an arguable basis" for subject matter jurisdiction when it issued the Memorandum Decision on June 21, 2021.[35] Without jurisdiction, the Court was "powerless" to analyze whether the lease suspensions constituted major federal actions warranting NEPA compliance and enter judgment based on that analysis.[36] Accordingly, the Memorandum Decision is void and this Court is obligated to vacate it.[37]

## CONCLUSION

Based on the foregoing, this Court should grant SUWA's motion for relief from judgment and vacate the Memorandum Decision issued on June 21, 2021.

DATED this 29th day of July, 2021.

Respectfully submitted,

/s/ Landon Newell
Landon Newell
Stephen H.M. Bloch
Southern Utah Wilderness Alliance

Attorneys for Plaintiffs
Living Rivers and Southern Utah
Wilderness Alliance

---

[35] *See Espinosa*, 559 U.S. at 271.
[36] *See V.T.A., Inc.*, 597 F.2d 220 at 244 n.8.
[37] *See id.*; *see also Johnson*, 950 F.3d at 694-95.

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the attached PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) AND MEMORANDUM IN SUPPORT to be electronically filed with the Clerk of the Court on July 29, 2021. Notice of this filing will be served upon counsel of record via Electronic Notification by the District Court's ECF filing system.

/s/ Landon Newell

## **LIST OF EXHIBITS**

Exhibit A:     Memorandum Decision and Order, *Living Rivers et al. v. Hoffman et al*., 4:19-cv-00057-DN (June 21, 2021)