ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Attorneys for the United States

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

---

| | |
|---|---|
| LIVING RIVERS and SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>KENT HOFFMAN, in his official capacity as Deputy State Director, Division of Lands and Minerals, UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | Case No. 4:19-cv-00057-DN-PK<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)**<br><br>Honorable David Nuffer<br>Magistrate Judge Paul Kohler |

---

The United States, on behalf of Defendants, respectfully responds to the motion for relief

("Motion") (Docket No. 24) of Plaintiffs Living Rivers and Southern Utah Wilderness Alliance

(collectively "SUWA") from the Court's Memorandum Decision and Order ("Memorandum

Decision") issued on June 21, 2021 (Docket No. 22). Plaintiffs seek this relief pursuant to

Federal Rule of Civil Procedure 60(b). For the reasons set forth herein, the requested relief is

inappropriate under the circumstances of this case, and the Court should deny the request.

## BACKGROUND

As described in its Motion, SUWA initiated this action to challenge BLM's decision to suspend eighty-two oil and gas leases sold in Utah in 2018.[1] BLM suspended the leases for the express purpose of conducting additional National Environmental Policy Act ("NEPA") analysis in light of a then-recent decision out of the United States District Court for the District of Columbia.[2] SUWA challenged the lease suspension decision arguing that it was arbitrary and capricious and that BLM was required to conduct a NEPA analysis prior to suspending the leases.[3]

BLM filed a motion to dismiss arguing that the lease suspensions are not a major federal action requiring NEPA compliance.[4] The Court granted BLM's motion to dismiss finding that SUWA lacked standing because lease suspensions are not a major federal action under NEPA.[5] Consequently, the Court concluded it lacked subject matter jurisdiction and dismissed the matter without prejudice.[6]

Prior to the Court's Memorandum Decision, BLM lifted the suspensions, effective February 1, 2021.[7]  On January 15, 2021, BLM notified counsel for SUWA via email that the suspensions would be lifted.[8] In addition to this email notification, BLM sent a physical notice to

---

[1] Docket no. 24 ("Motion") at 2.

[2] Docket no. 16 ("Motion to Dismiss") at 3-4.

[3] Docket no. 2 ("Complaint") ⁋ 82.

[4] Motion to Dismiss at 13-16.

[5] Docket no. 22 ("Memorandum Decision") at 4-8.

[6] *Id.* at 10.

[7] Lease Suspension Lifting Letter, attached hereto as Exhibit 1.

[8] Lease Suspension Notification Email to SUWA, attached hereto as Exhibit 2.

counsel for SUWA via USPS Certified Mail on January 15, 2021.[9] USPS tracking indicates the document was delivered to SUWA's counsel on January 19, 2021.[10] SUWA neither notified the Court of this development nor sought to dismiss the action prior to the Court's Memorandum Decision of June 21, 2021.

On July 29, 2021, SUWA filed its Motion seeking to void the Court's Memorandum Decision pursuant to Federal Rule of Civil Procedure 60(b). SUWA argues that at the time the Court issued its Memorandum Decision, the Court lacked jurisdiction to hear the case, and the Memorandum Decision is consequently void.[11] SUWA argues that the case was moot at the time of the Court's Memorandum Decision because BLM had lifted the lease suspensions.[12]

## ARGUMENT

This Court should deny SUWA's motion for two primary reasons. First, relief under Rule 60(b) is extraordinary relief and is not warranted in this matter. SUWA argues the Court acted outside of its jurisdiction when issuing its Memorandum Decision, even though the Memorandum Decision merely ruled on the Court's own jurisdiction to hear the case. Second, SUWA cannot seek the equitable relief provided by Rule 60(b) if SUWA could have prevented the Court from committing the supposed error alleged by SUWA. BLM notified SUWA of its decision to lift the suspensions a full five months prior to this Court's Memorandum Decision. If SUWA believed the matter was mooted by BLM's lifting of the suspensions, as SUWA now alleges, SUWA should have then sought voluntary dismissal shortly after being notified. Instead,

---

[9] Exhibit 1.

[10] USPS Tracking Sheet, attached hereto as Exhibit 3.

[11] Motion at 3.

[12] *Id.* at 4.

only now that SUWA received a decision it views as unfavorable does SUWA argue that the underlying matter was moot.

1. <u>This matter does not qualify for the extraordinary relief provided under Rule 60(b) because the Court acted within its jurisdictional authority and did not usurp jurisdiction as required for relief.</u>

SUWA is not entitled to relief under Rule 60(b) because it fails to sufficiently allege that the Court acted beyond its authority. To the contrary, the Court acted within its authority when it ruled on the limits of its jurisdiction and dismissed the matter. This does not come close to the high standard required for the extraordinary relief provided under Rule 60(b), and therefore, this Court should deny the Motion.

Relief under Rule 60(b) is considered "extraordinary" and may be granted "only in exceptional circumstances."[13] Specifically, in order to qualify for relief under Rule 60(b)(4), as argued by SUWA, a judgment is void only "where there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority."[14] "The concept of a void judgment is extremely limited . . . . the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction . . . only when the jurisdictional error is 'egregious' will courts treat the judgment as void."[15]

This Court properly exercised its right to determine its jurisdiction, and SUWA fails to demonstrate how the Court acted egregiously or usurped power as required for relief under Rule 60(b). Federal courts have the inherent authority and jurisdiction to determine their own

---

[13] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

[14] *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (citing *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.,* 624 F.2d 822, 825 (8th Cir.1980).

[15] *Wendt v. Leonard*, 431 F.3d 410, 412-13 (4th Cir. 2005) (citations omitted).

jurisdiction.[16] In its Memorandum Decision, this Court merely found it lacked jurisdiction to hear the case on its merits.[17] SUWA essentially argues that the Court lacked jurisdiction to rule on its own jurisdiction.

Regardless, SUWA fails to establish definitively that the case was moot in the first place. SUWA argues that lifting the lease suspensions removed any "live controversy" and that SUWA no longer had any stake in the litigation.[18] In support of these conclusions, SUWA, without any basis, states that there is no indication the leases at issue will be re-suspended in the future and that it amounts to "past conduct that is unlikely to recur."[19] SUWA seemingly makes this unsupported argument to negate two potential exceptions to the mootness doctrine, which apply when there is either a voluntary cessation of the challenged allegedly-improper conduct in circumstances where there is no restriction on resuming that challenged conduct or that conduct is found to be "capable of repetition yet evading review."[20] SUWA provides no supported basis to believe that BLM may not re-suspend any of these leases as it conducts more NEPA analysis.[21] In short, SUWA presents no strong reason to believe BLM might not suspend the leases in the future and that an exception to the mootness doctrine might not apply. To vacate the

---

[16] *Gschwind*, 232 F.3d at 1345.

[17] Memorandum Decision at 4.

[18] Motion at 4-7.

[19] *Id.* at 6.

[20] *Ind v. Colorado Dep't of Corrections*, 801 F.3d 1209, 1213-15 (10th Cir. 2015).

[21] BLM has recently filed a request on July 30th in the case of WildEarth Guardians v. Haaland, Dist. of Columbia Case No. 1:21-cv-00175-RC (WEG III), to remand challenged leasing decisions to the BLM to enable BLM to do further NEPA analysis of greenhouse gas emissions for leases that include those in the present case, in light of a court decision in late 2020 that found the BLM's supplemental NEPA analysis post-*Zinke* had not yet adequately analyzed such emissions in the affected region and United States. Although the court has not yet ruled on that remand request, generally speaking, "once [an agency] reacquire[s] jurisdiction, it ha[s] the discretion to reconsider the whole of its original decision." *See Michigan Gas Co. v. F.E.R.C.*, 133 F.3d 34, 38 (D.C. Cir. 1998).

court's ruling, there must be "no arguable basis on which [the Court] could have rested a finding that it had jurisdiction."[22]

Additionally, SUWA ignores other ways the Court could have granted meaningful relief, including the award of attorneys' fees if the Court had sided with SUWA.[23] SUWA also sought declaratory relief, requesting that the Court declare unlawful BLM's lease suspension decisions.[24]

In summary, this Court acted within its authority, and SUWA fails to meet the high burden required for the extraordinary relief provided by Rule 60(b). Therefore, this Court should deny SUWA's requested relief.

2. SUWA is not entitled to the equitable relief provided under Rule 60(b) because it could have but chose not to alert the Court to the flaw it now alleges.

This Court should not grant the extraordinary equitable relief requested by SUWA when SUWA's own knowing and deliberate inaction contributed to the deficiency it now alleges. The relief provided by Rule 60(b) is equitable and "a court may always consider whether the moving party has acted equitably."[25] Courts have repeatedly declined to provide equitable relief to claimants whose actions contributed to the alleged error or when a claimant could have prevented such error.[26]

---

[22] *MacArthur v. San Juan Cty.* 405 F. Supp. 2d 1302, 1307 (D. Utah 2005) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

[23] SUWA's Complaint includes within its Prayer for Relief an award of costs, including attorneys' fees, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Complaint at 20.

[24] *Id.*

[25] *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009).

[26] *See, e.g., In re Belmont Realty Corp.*, 11 F.3d 1092, 1099 (1st Cir. 1993) ("if there is hardship in this case, it was preventable") (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)); *see also Munsingwear*, 340 U.S. at 41 ("[Plaintiff]" having slept on its rights, now asks us to do what by orderly procedure it could have done for itself.").

Here, SUWA alleges the Court acted without jurisdiction because BLM's lifting of the lease suspensions rendered the matter moot.[27] However, SUWA had clear express notice that BLM lifted the lease suspensions over five months prior to the Court issuing its Memorandum Decision.[28] Given SUWA's history in this case of twice earlier filing notices of supplemental authority,[29] it is hard to believe that its failure to advise the Court of the lifting of the lease suspensions prior to the Court's decision was an accidental oversight. If SUWA believes BLM's decision to lift the suspensions rendered the case moot, it should have moved to voluntarily dismiss the action when it learned of BLM's decision. Instead, it waited until the Court issued a decision it now views as unfavorable and now seeks to void that decision through the extraordinary equitable relief provided by Rule 60(b). Therefore, this Court should decline to provide the relief requested by SUWA.

## CONCLUSION

SUWA fails to meet the high bar required to support the extraordinary relief provided by Rule 60(b). SUWA fails to establish that the judgment is void, and its own inaction contributed to the preventable jurisdictional error it now alleges. Therefore, this Court should decline to provide SUWA the equitable relief it now seeks, and BLM respectfully requests that this Court deny SUWA's Motion.

Respectfully submitted this 3rd day of September, 2021.

Andrea T. Martinez, Acting United States Attorney

 */s/ John K. Mangum*_____
John K. Mangum
Assistant United States Attorney

---

[27] Motion at 7.

[28] Exhibit 1.

[29] See Docket Nos. 20 and 21.

Agency counsel:

C. Andres Ruedas
Attorney-Advisor, Intermountain Region
Office of the Regional Solicitor
U.S. Department of the Interior
125 South State Street, Suite 6201
Salt Lake City, Utah 84138