THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LIVING RIVERS; and SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>Plaintiffs,<br><br>v.<br><br>KENT HOFFMAN, in his official capacity as Deputy State Director, Division of Lands and Minerals; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>Case No. 4:19-cv-00057-DN<br><br>District Judge David Nuffer |

Plaintiffs Living Rivers and Southern Utah Wilderness Alliance (collectively "SUWA") seek relief[1] ("Motion for Relief") under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)") from the Memorandum Decision and Order[2] issued on June 21, 2021 ("Decision") dismissing SUWA's action. Defendants Kent Hoffman, in his official capacity as Deputy State Director, Division of Lands and Minerals; United States Department of the Interior; and United States Bureau of Land Management (collectively "BLM") oppose SUWA's Motion for Relief.[3]

SUWA argues relief under Rule 60(b)(4) is warranted because the lease suspensions at issue in this action were lifted prior to entry of the Decision, so the court had no jurisdiction to

---

[1] Plaintiffs' Motion for Relief from Final Judgement under Federal Rule of Civil Procedure 60(b) and Memorandum in Support ("Motion for Relief"), docket no. 24, filed Jul. 29, 2021.

[2] Memorandum Decision and Order Granting: [16] Motion to Dismiss; and Denying: [12] Motion to Amend Complaint as Moot ("Decision"), docket no. 22, filed Jun. 21, 2021.

[3] Defendants' Response to Plaintiffs' Motion for Relief from Final Judgement under Federal Rule of Civil Procedure 60(b) ("Response"), docket no. 27, filed Sep. 3, 2021.

issue the Decision. After careful consideration of the parties' briefs, the Decision, other filings in this action, and the relevant law, SUWA's Motion is DENIED.

## BACKGROUND

SUWA initiated this action to challenge BLM's decision to suspend oil and gas leases sold in Utah in 2018.[4] SUWA sought judicial review under the Administrative Procedure Act ("APA") of BLM's lease suspensions, arguing the suspensions were arbitrary and capricious because BLM failed to conduct National Environmental Policy Act ("NEPA") analyses before suspending the leases.[5] BLM moved to dismiss the action, arguing that SUWA lacked both Article III standing and standing under the APA and NEPA[6] because SUWA could show no redressable injury caused by the lease suspensions and because the lease suspensions are not major federal actions subject to NEPA ("Motion to Dismiss").[7] The Decision granted BLM's Motion to Dismiss, finding that SUWA lacked standing under the APA and NEPA because the lease suspensions were not major federal actions.[8] Unbeknownst to the court, BLM had lifted the lease suspensions on February 1, 2021,[9] prior to entry of the Decision and had notified SUWA's counsel.[10] Neither BLM nor SUWA notified the court that the lease suspensions had been lifted.

---

[4] Complaint for Declaratory and Injunctive Relief ("Complaint") ¶ 1 at 1, docket no. 2, filed Aug. 2, 2019.

[5] *Id.* at ¶¶ 70–82 at 18–19.

[6] BLM erroneously categorized its argument that the lease suspensions were not "major federal actions" as a failure to state a claim argument instead of an issue of standing. *See* Decision at 4, no. 22. As noted in the Decision, courts may raise standing issues sua sponte and must dismiss any actions over which is lacks jurisdiction (*see Defs. of Wildlife v. Everson,* 984 F.3d 918, 945 (10th Cir. 2020)), which is what the court did in its Decision.

[7] Defendants' Motion to Dismiss Action ("Motion to Dismiss") at 6–16, docket no. 16, filed Oct. 4, 2019.

[8] Decision at 4–8.

[9] Lease Suspension Lifting Letter, Exhibit 1 to Response, docket no. 27-1, filed Sep. 3, 2021.

[10] Response at 2–3.

The Decision was entered on June 21, 2021.[11] On July 29, 2021, SUWA moved for relief, seeking to void the Decision under Rule 60(b)(4).[12] SUWA argues the court lacked jurisdiction to issue the Decision because the lease suspensions had already been lifted, mooting SUWA's action before the Decision was issued.[13] BLM argues that the extraordinary relief provided by Rule 60(b)(4) is unwarranted in this action because the court simply exercised its jurisdictional authority to determine its lack of jurisdiction over the action in the Decision.[14] BLM also argues that the action wasn't necessarily moot when the lease suspensions were lifted.[15]

## DISCUSSION

SUWA's Motion for Relief is timely, because there is no time limitation for a Rule 60(b)(4) motion.[16] Rule 60(b) strikes a "balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute."[17] As the movant, SUWA "has the burden to plead and prove justifiable grounds for relief permitted by the rule."[18] Rule 60(b) "relief is extraordinary" and should be granted only in "exceptional circumstances."[19]

---

[11] Decision.

[12] Motion for Relief.

[13] *Id.* at 3.

[14] Response at 4–5.

[15] Response at 5–6.

[16] *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994).

[17] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010).

[18] *Sprint Spectrum, L.P. v. Mega PC & Communications, Inc.*, 2006 WL 1794757, *2 (D. Kan. June 16, 2006) (unpublished) (citing *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978)).

[19] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (citation omitted).

Under Rule 60(b)(4), a federal district court may set aside a final judgment if the judgment is void.[20] There are two bases for granting Rule 60(b)(4) motions: (1) due process violations; or (2) when the court lacks "even an arguable basis" for jurisdiction.[21]

SUWA's argument relies solely on the second basis. Article III of the U.S. Constitution grants federal courts jurisdiction only over actual cases or controversies.[22] To meet the case-or-controversy requirement, plaintiffs must show they have standing and that the action is live, or not moot.[23] "Standing generally deals with the question of 'who' and mootness with the question of 'when.'"[24] "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[25]

SUWA argues that the action was moot when the Decision was issued because the lease suspensions had already been lifted, so there was no longer a live controversy. It is unnecessary to determine whether the action was moot when the lease suspensions were lifted because federal courts have jurisdiction to determine their own jurisdiction,[26] which is exactly what the court did in the Decision: the court dismissed SUWA's action for lack of jurisdiction because SUWA lacked standing.

Article III standing requires plaintiffs to show they suffered an injury-in-fact caused by the defendant and redressable by the court.[27] When plaintiffs bring an action alleging violations

---

[20] FED. R. CIV. P. 60(b)(4).

[21] *Johnson v. Spencer*, 950 F.3d 689, 694–5 (10th Cir. 2020).

[22] *See* U.S. Const. art. III; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).

[23] *See Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1255–6 (10th Cir. 2004).

[24] *Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004).

[25] *Utah Animal Rts. Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1256 (10th Cir. 2004) (citations omitted).

[26] *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000).

[27] *Utah Animal Rts. Coal.*, 371 F.3d at 1255.

of NEPA, they must "rely on the judicial review provisions of the APA in bringing their claims"

because NEPA contains no private right of action.[28] The APA contains additional statutory

standing requirements, specifically requiring plaintiffs to "show there has been some final

agency action" and "that [their] claims fall within the zone of interests protected by the statute

forming the basis of [their] claims."[29] NEPA, the statute that formed the basis of SUWA's claim,

requires federal agencies to file environmental impact statements for "major Federal actions

significantly affecting the quality of the human environment."[30] In the Decision, the court found

that the lease suspensions did not constitute major federal actions, so SUWA did not have

standing under the APA to bring its action, and SUWA's action was dismissed for lack of

jurisdiction.[31]

    If the parties had notified the court that the lease suspensions had been lifted (and the

parties had not stipulated to a dismissal or filed any further motions), the court still could have

dismissed the action on any jurisdictional grounds, including, but not limited to, mootness if the

court found the action was mooted by the lease suspensions. This is because both mootness and

standing are jurisdictional determinations.[32] "There is no mandatory sequencing of jurisdictional

issues"[33] and courts can "choose among threshold grounds for denying audience to a case on the

---

[28] *State of Utah v. Babbitt*, 137 F.3d 1193, 1203 (10th Cir. 1998).

[29] *Babbitt*, 137 F.3d at 1203 (internal quotation marks and citation omitted).

[30] 42 U.S.C. § 4332(2)(C).

[31] Decision at 4–8.

[32] *Citizen Ctr. v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014) (citing *WildEarth Guardians v. Pub. Serv. Co. of Colo.,* 690 F.3d 1174, 1182 (10th Cir.2012)).

[33] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks and citation omitted).

merits."[34] The court's dismissal of SUWA's action for lack of standing was proper and within the authority of the court.

Because SUWA fails to show the court lacked "even an arguable basis"[35] for jurisdiction to issue the Decision, it has failed to meet the high standard for extraordinary relief provided under Rule 60(b) and its Motion for Relief must be denied. Any remaining arguments presented by the parties does not affect the outcome of this Order.

## ORDER

IT IS HEREBY ORDERED that SUWA's Motion for Relief[36] is DENIED.

Signed November 15, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[34] *Gessler*, 770 F.3d at 906 (internal quotation marks and citations omitted).

[35] *Johnson v. Spencer*, 950 F.3d at 694–5.

[36] Plaintiffs' Motion for Relief from Final Judgment under Federal Rule of Civil Procedure 60(b) and Memorandum in Support, docket no. 24, filed Jul. 29, 2021.